IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JOSHUA I VELEZ,                    )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    1:12cv1008 (JCC/TCB)
                                   )
THE BANK OF NEW YORK MELLON        )
TRUST COMPANY N.A., et al.,        )
                                   )
        Defendants.                )


**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Motion to
Dismiss by Defendants The Bank of New York Mellon Trust Co. N.A.
("Bank of New York") and Mortgage Registration Systems, Inc.
("MERS") [Dkt. 2], and the Motion to Dismiss by Defendant Samuel
I. White, P.C. ("SIWPC") [Dkt. 6]. For the following reasons,
the Court will grant Defendants' Motions.

**I.  Background**

**A.  Factual Background**

The pertinent factual allegations in this case are as
follows. On or about December 15, 2004, Plaintiff signed a
promissory note and Deed of Trust which placed a security
interest on his home (the "Property") with Defendant Bank of New
York. (Compl. [Dkt. 1-1] ¶ 7.) After executing these
documents, Plaintiff began making payments to Defendant Bank of

1

New York's agent, America's Servicing Company ("ASC"). (*Id.* ¶ 9.)  In 2011, Plaintiff began receiving demands for payment from ASC on behalf of Defendants Bank of New York, MERS, and SIWPC. (*Id.* ¶ 10-11.)

### B.    Procedural Background

Plaintiff filed his Complaint in the Circuit Court for Fairfax County, Virginia on August 3, 2012.  [Dkt. 1]  The Complaint contains seven counts: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (2000) (Count I); (2) declaratory judgment (Count II); (3) slander of title (Count III); (4) fraud (Count IV); (5) "illegal substitution of trustee" (Count V); (6) civil conspiracy (Count VI); and (7) quiet title (Count VII).  (Compl. [Dkt. 1-1].) Defendants Bank of New York and MERS, with the consent of Defendant SIWPC, timely removed the action to this Court on September 10, 2012.  [*Id.*]  On September 17, 2012, Defendants Bank of New York and MERS filed a Motion to Dismiss along with a supporting memorandum and *Roseboro* notice.  [Dkt. 2-4.]  That same day, Defendant SIWPC also filed a Motion to Dismiss, memorandum in support, and *Roseboro* notice.  [Dkt. 6-8.] Plaintiff did not file any opposition to either motion. Plaintiff did not attend the hearing on the Motions on October 19, 2012.

Defendants' Motions are now before this Court.

## II.  Standard of Review

### A.  Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based.  *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed to be true.  *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia*, 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and

may consider evidence outside the pleadings without converting the proceeding to one for summary judgment"); *Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

## B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994).

A court must also be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U .S. 544, 555–56 (2007) (citation omitted).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949–50.

### C. *Pro Se* Plaintiff

Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). "However inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a pro se complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III.  Analysis

#### A. Jurisdiction over Counts I-III

Defendants Bank of New York and MERS first argue that this Court does not have jurisdiction over Counts I-III of Plaintiff's Complaint because they assert Plaintiff lacks standing over these claims.  (Defs. Bank of New York and MERS Mem. [Dkt. 3] at 4-5.)  Instead, they argue that these claims are part of the bankruptcy estate.  (*Id.*)

The Court finds that Plaintiff has standing over these claims and thus there is subject matter jurisdiction over them. Under 11 U.S.C. § 541(a)(1), the bankruptcy estate is defined as including "all legal or equitable interests of the debtor in

property as of the commencement of the [bankruptcy] case." This definition includes causes of action by the debtor against his creditors which the debtor either had accrued by that time or which were "sufficiently rooted" in pre-bankruptcy petition conduct. *Field v. Transcontinental Insurance Co.*, 219 B.R. 115, 118-19 (E.D. Va. 1998); *Jenkins v. AT Massey*, 410 B.R. 182, 191-92 (Bankr. W.D. Va. 2008).

In this case, Plaintiff filed for Chapter 7 bankruptcy protection on September 4, 2009. (Ex. C, Defs. Bank of New York and MERS Mem. [Dkt. 3-1] at 39.) The claims in Count I (violation of FDCPA), Count II (declaratory judgment), and Count III (slander of title), however, relate to Plaintiff's allegations regarding the demands for payment sent on behalf of Defendants in 2011. (Compl. [Dkt. 1-1] ¶ 10-26.) As a result, the Court finds that these claims are not sufficiently rooted in pre-bankruptcy conduct as to be subsumed in the bankruptcy estate. Thus, Plaintiff retains standing for these claims, and this Court has subject matter jurisdiction over them.

### B. Failure to State a Claim in Counts IV-VII

In their motions, both Defendants Bank of New York and MERS and Defendant SIWPC (collectively, "Defendants") argue that all of Plaintiff's claims should be dismissed for failure to

state a claim.[1]  (Defs. Bank of New York and MERS Mem. [Dkt. 3] at 1; Def. SIWPC Mem. [Dkt. 7.] at 1.)  As discussed below, the Court finds that each of Plaintiff's claims should be dismissed because Plaintiff has failed to allege facts sufficient to support a plausible claim under any of the counts.

## A. Count I - Violation of the FDCPA

In Count I, Plaintiff asserts that Defendants "engaged in practices that violate the FDCPA" because Defendants allegedly do not have the right or authority to enforce his debt obligations or because Plaintiff's debt obligations allegedly are unenforceable because they have been extinguished, satisfied or split.  (Compl. [Dkt. 1-1] ¶ 10-12, 20-21.)

Plaintiff fails to state a claim against Defendants for a violation of the FDCPA.  Plaintiff fails to allege facts indicating that the FDCPA applies to any of the Defendants or

---

[1] Defendants Bank of New York and MERS rely in their memorandum on a number of materials outside of the pleadings which were not attached to Plaintiff's Complaint.  Although in analyzing a motion to dismiss under Rule 12(b)(6) the Court generally must only rely on the pleadings, courts have held that it also is appropriate to consider documents integral to, relied on, or referenced to in the complaint, as well as official public records pertinent to the plaintiff's claims.  *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).  All of the exhibits fall in one or both of these categories.  (*See* Compl. [Dkt. 1-1]; Ex. A-H, Defs. Bank of New York and MERS Mem. [Dkt. 3-1].)  As a result, in ruling on Defendants' Motions to Dismiss under 12(b)(6), the Court may consider these documents without converting the motions to ones for summary judgment.

their alleged actions.  The FDCPA only applies to "debt

collectors," defined as:

> any person who uses any instrumentality of interstate
> commerce or the mails in any business the principal
> purpose of which is the collection of any debts, or
> who regularly collects or attempts to collect,
> directly or indirectly, debts owed or due or asserted
> to be owed or due another. Notwithstanding the
> exclusion provided by clause (F) of the last sentence
> of this paragraph, the term includes any creditor who,
> in the process of collecting his own debts, uses any
> name other than his own which would indicate that a
> third person is collecting or attempting to collect
> such debts. For the purpose of section 808(6) [15
> U.S.C. § 1692f(6)], such term also includes any person
> who uses any instrumentality of interstate commerce or
> the mails in any business the principal purpose of
> which is the enforcement of security interests. The
> term does not include . . .

> (F) any person collecting or attempting to collect any
> debt owed or due or asserted to be owed or due another
> to the extent such activity (i) is incidental to a
> bona fide fiduciary obligation or a bona fide escrow
> arrangement; (ii) concerns a debt which was originated
> by such person; (iii) concerns a debt which was not in
> default at the time it was obtained by such person; or
> (iv) concerns a debt obtained by such person as a
> secured party in a commercial credit transaction
> involving the creditor.

15 U.S.C. § 1692a(6).  In his complaint, Plaintiff did not

allege that any of the Defendants were debt collectors and did

not allege any facts supporting a finding that they were debt

collectors.  It is well-established in this District that debt

collectors do not include creditors, mortgagors, mortgage

servicing companies, trustees exercising their fiduciary duties,

or assignees of debt so long as the debt was not in default at

the time it was assigned. *See Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010) (collecting and reviewing cases).

In addition, even if the FDCPA did apply, Plaintiff does not set out any factual allegations supporting a cause of action under FDCPA based on Defendants' actions, but rather relies solely on legal conclusions regarding Defendants' authority to enforce the debt obligations, the current validity and enforceability of the debt obligation, and the truth or falsity of Defendants' representations in their payment demands. As this Court noted in substantially similar litigation in *Ruggia*, the crux of Plaintiff's FDCPA claim and other claims is "the specious premise that the named Defendants somehow have no right, title, or interest in the Deed or the Note." 719 F. Supp. 2d at 648. The Court is not obligated to accept such legal conclusions and other merely conclusory statements as true.

As a result, Plaintiff fails to state a claim for a violation of the FDCPA and Count I therefore is dismissed.

### B. Count II - Declaratory Judgment

In Count II, Plaintiff claims that he is entitled to a declaration that the Deed of Trust is void because Defendants either have no legal or equitable right or interest in his Note and/or the Deed of Trust or because the debt obligation arising

10

from these instruments has been extinguished, satisfied, voided, or split. (Compl. [Dkt. 1-1] ¶ 22-23.)

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Thus, in order for a court to exercise its power to grant declaratory relief, there must be an actual case of controversy, that is, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief." *Medimmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co*. v. *Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Plaintiff fails to allege the requisite actual case or controversy, instead proffering only a legal conclusion that either Defendants have no rights in the security instruments or that the debt obligation is unenforceable. Such a conclusory allegation is insufficient under *Twombly* and *Iqbal* to provide plausible grounds for the requested declaratory relief. *See Ruggia v. Washington Mutual*, 719 F. Supp. 2d at 648-49. As a result, the Court dismisses Count II.

## C. Count III - Slander of Title

In Count III, Plaintiff brings a claim for slander of title. (Compl. [Dkt. 1-1] ¶ 24-26.) In order to state a valid slander of title claim under Virginia law, a plaintiff must allege facts showing "(1) the uttering and publication of the slanderous words by the defendant, (2) the falsity of the words, (3) malice, (4) and special damages." *Allison v. Shapiro & Burson, LLP*, 1:09CV00057, 2009 WL 4015410 (W.D. Va. Nov. 19, 2009) *report and recommendation adopted*, 1:09CV00057, 2009 WL 4931388 (W.D. Va. Dec. 14, 2009) (quoting *Lodal v. Verizon Va., Inc.*, 74 Va. Cir. 110, 2007 WL 1360893, at *5 (Va. Cir. Ct. 2006)).

Plaintiff fails to present factual allegations supporting any of these elements. Plaintiff only alleges -- without factual support -- that although Defendants demanded payment from him, he is the "only party to this matter that can prove legal and equitable ownership interest in the Property" and that this "slandering of the Plaintiff's property [] caused [him] him to suffer injuries and damages." (Compl. [Dkt. 1-1] ¶ 10-11, 14, 24-26.) This a conclusory allegation which does not provide factual support for publication of any statements, the truth or falsity of any statements made, Defendants' state of mind in making the statements, and any resulting damages. Count III therefore is dismissed.

## D. Count IV - Fraud

In Count IV, Plaintiff brings a claim for fraud under Virginia law, asserting that Defendants "acted as if the appointment of the trustee" conformed to the Deed and to Virginia's laws, that by this "misrepresentation," Defendants "have fraudulently set themselves up as having the right to commence or effectuate foreclosures" in Virginia, and that "[b]ased on misrepresentation," the Defendants "fraudulently misrepresented and ascertained authority and illegally demand[ed] payment from Plaintiff when debt has not been validated." (Compl. [Dkt. 1-1] ¶ 18, 29-30.)

Under Virginia law, a plaintiff pleading fraud "must show specifically in what the fraud consists;" the alleged fraud "must be distinctly stated." *Mortarino v. Consultant Eng'g Servs.*, 467 S.E.2d 778, 782 (Va. 1996). Plaintiff must plead with specificity the following elements: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to him." *Van Deusen v.Snead*, 441 S.E. 2d 207, 209. Plaintiff has failed to do so. As with the previous counts, Plaintiff's allegations consist of nothing more than legal conclusions and other conclusory allegations. Plaintiff does not allege any facts regarding Defendants' intent in making the alleged misrepresentations, or

allege that Plaintiffs reasonably or detrimentally relied on any alleged misrepresentations. As Plaintiff provides no specific facts supporting a plausible claim of fraud, Count IV is dismissed.

### E. Count V – "Illegal Substitution of Trustee"

In Count V, Plaintiff brings a claim for "illegal substitution of trustee." Plaintiff alleges that the Deed of Trust states that only the "Lender" may substitute the trustee, that the "Lender" is defined in that instrument as Pinnacle Financial Corporation, and that because "[t]here is nothing in the DOT that gives any subsequent noteholder the right to substitute the Trustee," the "Deed of substitution is invalid and the successor trustee name[d] in that instrument has no authority to notice or conduct a foreclosure sale." (Compl. [Dkt. 1-1] ¶ 31-34.)

As an initial matter, Plaintiff fails to state a claim in this count because, as Defendants note, no cause of action exists for illegal substitution of trustee in Virginia. (Defs. Bank of New York and MERS Mem. [Dkt. 3] at 12; Def. SIWPC Mem. [Dkt. 7] at 7.) Moreover, in this case, Defendant MERS acted appropriately in appointing a successor trustee. Here, the Deed of Trust states that "if necessary to comply with the law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those

14

interests, including but not limited to, the right to foreclose and sell the Property; *and to take any action required of Lender*." (Ex. B, Defs. Bank of New York and MERS Mem. [Dkt. 3-1] at 9 (emphasis added).) Thus, under the terms of the Deed, MERS had the authority to take any action required of Lender, including appointing a successor trustee as provided by paragraph 24 of the Deed of Trust. *Id.* ¶ 24; *see also Ruiz v. Samuel I. White, P.C.*, CIV.A. 1:09CV688, 2009 WL 4823933, at *1-2 (E.D. Va. Dec. 11, 2009) (holding that identical language in a deed of trust gave MERS the authority to appoint successor trustees). As a result, Count V is dismissed with prejudice.

### F. Count VI - Civil Conspiracy

In Count VI, Plaintiff brings a civil conspiracy claim, alleging that Defendants "engaged in an unlawful combination and conspiracy to foreclose on Plaintiff's home loan for the purpose of unjustly enriching themselves in violation of the law," and as a result, "civil wrongs were committed against the Plaintiff." (Compl. [Dkt. 1-1] ¶ 35-39.)

Under Virginia law, the elements of a civil conspiracy claim are (1) "an agreement between two or more persons" (2) "to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means," which (3) "results in damage to plaintiff." *Firestone v. Wiley*, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007) (citing *Glass v. Glass*, 321 S.E. 2d 69 (Va. 1984). In addition,

such a claim "generally requires proof that the underlying tort was committed." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 311 (4th Cir. 2012) (quoting *Almy*, 639 S.E. 2d 182, 189 (Va. 2007)). "Thus, where 'there is no actionable claim for the underlying alleged wrong, there can be no action for civil conspiracy based on that wrong.'" *Taylor v. CNA Corp.*, 782 F. Supp. 2d 182, 204-05 (E.D. Va. 2010) (quoting *Citizens for Fauquier County v. SPR Corp.*, 37 Va. Cir. 44, 50 (1995)).

Here, there is no actionable claim for the underlying alleged wrong: Defendants' actions to foreclose on Plaintiff's home loan. Plaintiff concedes that Defendant Bank of New York is the beneficiary under the Deed of Trust and that Plaintiff has made payments to Defendant after signing the Note and Deed. Compl. [Dkt. 1-1] ¶ 7, 9.) As a result, Defendant Bank of New York had the authority to enforce the terms of the security instruments and foreclose the property. Therefore, there is no underlying tort sufficient to sustain Plaintiff's civil conspiracy claim. Count VI therefore must be dismissed.

### G. Count VII - Quiet Title

Finally, in Count VII, Plaintiff brings an action to quiet title, alleging that he is "the only party to this matter that can prove legal and equitable ownership interest in the Property." (Compl. [Dkt. 1-1] ¶ 40-41.)

Since an action to quiet title "is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title," a party asserting such an action must plead that he has superior title to the property at issue. *Maine v. Adams*, 277 Va. 230, 238 (2009). Plaintiff alleges no facts in support of his legal conclusion that he is the only party to this matter that can prove legal and equitable ownership interest in the property at issue. Moreover, in his Complaint, he concedes that he signed a Note and Deed of Trust encumbering the property. (Compl. [Dkt. 1-1] ¶ 7.) As in *Ruggia*, in this claim, Plaintiff "essentially seeks a declaration that none of the Defendants hold any claim to or interest in the property, but does so in a wholly conclusory fashion, without any plausible factual pleadings in support." 719 F. Supp. 2d at 648-49. As a result, Plaintiff fails to state a claim and Count VII therefore is dismissed.

## IV.   Conclusion

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| October 23, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |